```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION at PIKEVILLE
```

SANDRA KAY TODD,                  )
                                  )
     Plaintiff,                   )
                                  )    Civil Action No. 09-22-JMH
                                  )
v.                                )
                                  )
MICHAEL J. ASTRUE, COMMISSIONER   )    **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,               )
                                  )
     Defendant.                   )
                                  )
                                  )

                    **         **         **         **         **

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 11][1] on Plaintiff's appeal of the Commissioner's denial of her application for supplemental security income. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I.  OVERVIEW OF THE ALJ'S PROCESS

In determining disability, the ALJ ("Administrative Law Judge") conducts a five-step analysis. At Step 1, the ALJ determines whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments, either singly or in combination, meets or

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

equals a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; if the claimant cannot perform past relevant work, at Step 5, the step where the burden of proof shifts to the Commissioner, the ALJ determines whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was forty-one at the time of the ALJ's decision and had an eleventh grade education (Tr. 11, 65, 113). Plaintiff alleged disability beginning December 5, 2003, due to injuries sustained from a car accident on that date, including a torn spine, headaches, and heart problems (Tr. 106-07). At Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 5, 2003 (Tr. 16). At Steps 2 and 3, the ALJ found that while Plaintiff had the severe impairments of degenerative disc disease of the spine, degenerative joint disease of the neck, and heart disease, none of the impairments, neither singly nor in combination, met or medically exceeded the Listing of Impairments (Tr. 16-18).

The ALJ found that the objective medical evidence indicated that Plaintiff had the residual functional capacity to perform a reduced range of light work where she can stand/walk four hours out of an eight hour workday, two hours without interruption; sit four hours out of an eight hour workday, two to three hours without interruption (Tr. 18). Additionally, the ALJ found that Plaintiff can only occasionally climb ramps or stairs, stoop, kneel, crouch or crawl, and that she should never climb ladders, ropes or scaffolds (Tr. 18). Finally, the ALJ found that she can perform overhead reaching only occasionally and should only push or pull up to thirty pounds. Based on her residual functional capacity, at

Step 4, the ALJ determined that Plaintiff was unable to perform her past relevant work (Tr. 23). At Step 5, the ALJ relied on the testimony of a vocational expert to determine that Plaintiff could perform other work existing in significant numbers in the national economy (Tr. 23).

### III.  DISCUSSION

Plaintiff's only argument on appeal is that the ALJ erred by not re-contacting consultative examiner Dr. Nutter to determine whether the "giveaway" weakness he referred to in his report was from a medical condition or was volitional. In the neurological section of his consultative report, Dr. Nutter opines that "[m]uscle strength testing in the upper extremities shows shoulder strength of 4/5 with giveaway weakness." (Tr. 560). Plaintiff argues that because Dr. Nutter did not offer an opinion as to the cause of the giveaway weakness, the report is inadequate as defined in 20 C.F.R. § 416.919p, which provides, in pertinent part:

> (a) We will review the report of the consultative examination to determine whether the specific information requested has been furnished. We will consider the following factors in reviewing the report:
>
> . . .
>
> (2) Whether the report is internally consistent; Whether all the diseases, impairments and complaints described in the history are adequately assessed and reported in the clinical findings; Whether the conclusions correlate the findings from your medical history, clinical examination and laboratory test and explain all abnormalities;
>
> . . .

4

> (b) If the report is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report.

20 C.F.R. § 416.919p.

In support of her argument, Plaintiff cites two cases from other districts which address an ALJ's failure to re-contact a medical source to obtain information missing from the record. *See Perkins v. Apfel,* 101 F.Supp.2d 365 (D.Md. 2000) (assigning as error ALJ's failure to re-contact doctor to obtain activity level form that was not in the record); *Dyson v. Massanari*, 149 F.Supp.2d 1018 (N.D.Ill. 2001) (assigning as error ALJ's decision of no disability without reviewing x-rays recognized as crucial to the disability determination). These cases do not control and, in fact, do not even provide persuasive authority, given the facts of the instant action.

Here, the ALJ reviewed all medical evidence, including medical records and reports from Plaintiff's treating physician, Dr. Christa Muckenhausen. Like Dr. Nutter, Dr. Muchenhausen reported that Plaintiff had four out of five strength bilaterally in her upper extremeties (Tr. 248). Medical records from Dr. Darnell indicate that Plaintiff has a full range of motion in all joints (Tr. 215). No medical doctor recommended work-related limitations for Plaintiff. The medical records from several doctors indicate

5

that Plaintiff has only a slight decrease in functioning of her upper extremities, if any.  The ALJ considered these records and they are reflected in the ALJ's decision that Plaintiff can perform only a reduced range of light work.

The ALJ was not required to request clarification from Dr. Nutter because Dr. Nutter's report was not inadequate or incomplete.  Dr. Nutter's report was sufficiently clear, and substantial evidence supports the ALJ's determination that Plaintiff is not disabled and can perform a reduced range of light work.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1)  That the defendant's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED;** and

(2)  That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 4th day of August, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge